May 19, 2026

RECEIVED
2026 JUN -1 PM 3:26
U.S. COURT OF APPEALS
SECOND CIRCUIT

United States Court of Appeals
For the Second Circuit
c/o Honorable Catherine O'Hagan Wolfe
Clerk of Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Subject: In Re Motion to Unseal, Second Circuit Docket No. 26-777, Second Status Report.

Honorable Clerk Katherine O'Hagan,

On April 13, 2026 this Court issued notice to Appellant Joaquin Mario Valencia Trujillo advising that "[since] at least one motion cited in FRAP 4(a)4 has been filed in the district court, this appeal was stayed pending resolution of the [Rule59(e)] motion []." See ECF No. 61 (brackets added). The notice direct Appellant "to inform this Court in writing of the status of the motion [] at 30 day intervals beginning 30 days from the date of this notice, and within 14 days after final disposition of the last outstanding motion.

On may 11, 2026, U.S. District Judge Ramon E. Reyes denied the last outstanding motion filed under Rule 59(e), Fed.R.Civ.Pr. As for providing the Court "with a copy o of all dispositive orders", Appellant has received today May 19, 2026, a copy of the Memorandum & Order dated May 11, 2026 denying the Rule 59(e) motion, and he has previously provided the Court a copy of the Memorandum & Order dated February 25, 2026,granting in part, and denying in part his motion to unseal with his first Status Report. Please find attached the dispositive Order dated May 11, 2026 to fully comply with the notice.

Respectfully submitted,

Joaquin Mario Valencia Trujillo
Reg N0. 02440-748
FCI Oakdale II
PO Box 5010
Oakdale, LA 71463

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the United States Attorney's Office for the Eastern District of New York by mail sent on May 20, 2026.

Joaquin Mario Valencia Trujillo

RECEIVED
2026 JUN -1 PM 3:26
U.S. COURT OF APPEALS
SECOND CIRCUIT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 25-MC-1479 (RER)

JOAQUIN MARIO VALENCIA TRUJILLO

VERSUS

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

**RAMÓN E. REYES, JR., District Judge:**

On February 25, 2026, this Court granted in part and denied in part Joaquin Mario Valencia-Trujillo's motion to unseal certain court filings in *United States v. Dorado, et al.*, No. 00-CR-515 (ENV), a closed criminal matter in this Court. (ECF No. 14). Valencia-Trujillo now moves to alter the Order under Federal Rule of Civil Procedure Rule 59(e). (ECF No. 15). After carefully reviewing the record, and for the reasons set forth herein, the Court denies Valencia-Trujillo's Rule 59(e) motion.

The Court presumes the parties' familiarity with the facts and this Court's prior order.[1]

"The standard for granting a motion for reconsideration pursuant to Rule 59(e) is strict, and reconsideration will generally be denied." *Johnson v. County of Nassau*, 82 F.

[1] The Court understands Valencia-Trujillo's confusion related to ECF Nos. 261 and 263 and clarifies that it referred to ECF No. 263 as an internal court document because it is only a paper duplicate filed by the Court two days after ECF No. 261 had been filed. The Court additionally notes that archived paper documents will not have an ECF stamp because the Court did not use ECF as a filing system at that time.

Supp. 3d 533, 535 (E.D.N.Y. 2015) (citation omitted). "To prevail on a Rule 59(e) motion to alter or amend a judgment, a movant must either (1) 'present factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision' or (2) 'demonstrate the need to correct a clear error or prevent manifest injustice.'" *Cuthbert v. Town of E. Hampton New York*, No. 18-CV-4796 (JS) (AYS), 2021 WL 66289, at *3 (E.D.N.Y. Jan. 6, 2021) (quoting *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 331 (S.D.N.Y. 2008). It is well established that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also Kruger v. Virgin Atl. Airways, Ltd.*, No. 11-CV-2954 (NGG) (RER), 2013 WL 6795251, at *1 (E.D.N.Y. Dec. 23, 2013).

"The decision to grant or deny a motion for reconsideration 'is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hernandez v. Doe*, No. 16-CV-2375 (KAM) (LB), 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (quoting *Mangino v. Inc. Vill. of Patchogue*, 814 F.Supp.2d 242, 247 (E.D.N.Y. 2011).

Valencia-Trujillo argues that the Court should have conducted a First Amendment analysis as to the unsealing of the 5k1.1 statements (ECF Nos. 147, 152, 195, and 199 in *U.S. v. Dorado*, *et al.*), and that the Court "misread" the trial record, which indicates Valencia-Trujillo's compelling need to unseal the relevant documents to prove his actual innocence. (ECF Nos. 15 at 4–8; 18 at 1–3).

In opposition, the government argues that "plaintiff identifies no new facts or arguments that he did not or could not have raised in his prior motion to unseal." (ECF No. 17 at 2). In addition, the government argues that the Court should construe Valencia-Trujillo's motion as made under Local Civil Rule 6.3 and deny it as untimely.[2] (*Id.*)

As an initial matter, although the identification of the sealed documents as 5k1.1 letters in this Court's previous Order is new to Valencia-Trujillo, that is not the type of "new evidence" contemplated by the relevant case law. *See, e.g.*, *Kahn v. NYU Medical Center*, No. 06 Civ. 13455 (LAP), 2008 WL 190765, at *2 (S.D.N.Y. Jan. 15, 2008) (describing factors necessary to obtain reconsideration of a judgment based upon newly discovered evidence). Valencia-Trujillo offers no new evidence for the Court to consider related to the *Dorado* Defendants' 5k1.1 letters because the Court analyzed whether to unseal them knowing the documents were 5k1.1 letters. This is not a basis for reconsideration.

Next, Valencia-Trujillo's repeated arguments that the alleged perjured testimony of Ramon Orozco-Mejia and prosecutorial misconduct at his trial warrant unsealing of the requested documents "seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The Court did, in fact, consider these arguments and rejected them. (*See* ECF No. 14 at 5–7).

---

[2] This argument is incorrect. A motion made under Rule 59(e) is used to "alter or amend a judgment." Fed. R. Civ. P. 59(e). Under Federal Rule of Civil Procedure 54, a "judgment" is a "decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Generally, the Court of Appeals "has jurisdiction over appeals from denials of motions to unredact or unseal." *United States v. Greenwood*, 145 F.4th 248, 253 (2d Cir. 2025). Further, whether the Court construes Valencia-Trujillo's motion as made under 59(e) or Local Rule 6.3 does not change the analysis because both legal standards are the same. *See Kudlek v. Sunoco, Inc.*, 610 F. Supp. 2d 218, 220 (E.D.N.Y. 2009).

Finally, Valencia-Trujillo argues that this Court overlooked the presumptive right of access to 5k1.1 memoranda under the First Amendment. To the extent that the Order was unclear, the Court now clarifies. The Court acknowledges that its Order did not explicitly explain that the First Amendment right of access attached to the 5k1.1 memoranda. However, as with the common law right, "[t]he First Amendment right of access is qualified, not absolute." *United States v. Cicale*, No. 05-CR-60-2 (NGG), 2018 WL 388941, at *3 (E.D.N.Y. Jan. 11, 2018). "Even when the First Amendment right of access applies, '[p]roceedings may be closed and, by analogy, documents may be [kept] sealed if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (citing *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

In the Order, the Court expressly considered the weight given to the presumption of access of 5k1.1 memoranda and determined that the competing privacy interests of the *Dorado* defendants and other people justified the continued sealing of the records. (*See* ECF No. 14 at 7–9); *see also U.S. v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) ("Compelling interests may include . . . privacy interests of the defendant, victims or other persons."). Further, the case that Valenica-Trujilo insists that the Court overlooked is inapposite and would not have materially influenced this Court's decision. *United States v. Erie County, N.Y.* did not consider the First Amendment right of access to 5k1.1 memoranda. 763 F. 3d 235, 236 (2d Cir. 2014) (considering right of public access to compliance reports filed pursuant to a settlement agreement).

## CONCLUSION

For the reasons set forth above, the Court denies Valencia-Trujillo's motion for reconsideration under Rule 59(e). The Clerk of Court is respectfully directed to mail a copy of this order to Valencia-Trujillo.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 11, 2026
Brooklyn, New York

⇔02440-748⇔
Joaquin M Valencia T
Federal FCI 2
PO Box 5010
Oakdale, LA 71463
United States

CERTIFIED MAIL

9589 0710 5270 1606 6306 36

Retail

UNITED STATES POSTAL SERVICE®

10007

RDC 99

U.S. POSTA
FCM LG EN
OAKDALE,
MAY 22, 20

$0.00

S2324A500

SDNY

⇔02440-748⇔
Court Appe Second Circuit
40 Foley SQ